IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

      **Plaintiff,**

      v.                                        CASE NO. 25-3181-JWL

**DONALD J. TRUMP, President of the
United States,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action invoking 28 U.S.C. § 1332.  Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas.  The Court provisionally grants Plaintiff leave to proceed in forma pauperis. For the reasons set forth below, the Court dismisses this matter for failure to state a non-frivolous claim.

**I.  Nature of the Matter Before the Court**

Plaintiff has named President Donald Trump as the sole defendant in this case.  Plaintiff purports to bring a class action against President Trump based on his alleged failure "to protect the American people, including inmates in the Kansas Dept. of Corrections for their crimes against humanity as described in P.L. 110-53, Title XXI, § 21132113, 121 Stat. 531 (22 U.S.C. § 8213); UCC § 1-304; UCC § 3-307."  (Doc. 1, at 4.)  Plaintiff seeks $100,000 per incarcerated individual, and to "include mental health and medical statistics, use AI and block chain to fix laws, and Legislative, Judicial, Executive Branch." *Id*.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant

2

did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

Plaintiff alleges that President Trump failed to protect him from actions taken by the Kansas Department of Corrections ("KDOC"). Plaintiff provides no details as to what was allegedly done to him while in the custody of the KDOC. Plaintiff also fails to allege any facts to suggest that President Trump is responsible for those actions. In screening a complaint, "the Court requires sufficient detail to fulfill its responsibility to dismiss frivolous claims brought by

in forma pauperis plaintiffs." *Collier-Kinnell v. U.S.*, 2010 WL 4807075, at *2 and n.10 (D. Kan. 2010) (finding that plaintiff provided "only the most vague, rambling description of the alleged facts supporting his claim" and finding that the President of the United States is absolutely immune from suit for damage liability arising from official acts).

The Court's duty to dismiss a frivolous action is mandatory under 28 U.S.C. § 1915A. *See Flute v. Untied States*, 723 F. App'x 599, 603 (10th Cir. 2018) (unpublished) (citing § 1915A(a) and § 1915A(b)(1)). "A frivolous complaint 'lacks an arguable basis in law or fact.'" *Robbins v. Cty. of Boulder*, 592 F. App'x 710, 711 (10th Cir. 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The Court can dismiss a claim as frivolous "based on an indisputably meritless legal theory . . . [or on] factual contentions [that] are clearly baseless." *Id*. (quoting *Neitzke*, 490 U.S. at 327). "Thus, a frivolous complaint 'embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.'" *Id*. (quoting *Neitzke*, 490 U.S. at 325). "Examples of claims based on inarguable legal theories include those against which the defendants are undeniably immune from suit and those alleging an infringement of a legal interest that clearly does not exist." *Id*. (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991)).

In *Comyn v. Obama*, the plaintiff alleged that "President Obama refused 'to provide protection' and the Secretary of the Treasury refused 'to give a full accounting of all assets and property as demanded by' plaintiff." *Comyn v. Obama*, 2016 WL 8257229, at *8 (W.D. Tex. 2016). The court found no basis to conclude that the plaintiff's claims and requests for relief were not frivolous or that plaintiff stated a claim upon which relief may be granted. *Id*. The court found that "plaintiff does not otherwise describe the nature of the President's failure to protect or when the failure to protect and provide the accounting occurred, or what specific legal

bases support the conclusion that plaintiff has standing to seek legal redress in this Court at this time." *Id*. ("Plaintiff does not include a particularized statement of facts to show he has stated a cognizable claim for relief against either defendant in this court."). The Court dismisses this action for failure to state a non-frivolous claim upon which relief may be granted.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court provisionally grants Plaintiff leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that this matter is **dismissed** as frivolous.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Class Counsel (Doc. 4) is **denied.**

**IT IS SO ORDERED**.

Dated September 3, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**