## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOSHUA JENSEN,**

     **Plaintiff,**

     v.                      **CASE NO.  25-3181-JWL**

**DONALD J. TRUMP, President of the
United States,**

     **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff brought this pro se action invoking 28 U.S.C. § 1332.  Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas.  The Court provisionally granted Plaintiff leave to proceed in forma pauperis.  On September 3, 2025, the Court entered a Memorandum and Order (Doc. 6) dismissing this case as frivolous.  This matter is before the Court on Plaintiff's motion seeking leave to file an amended complaint (Doc. 8) and motion for leave to proceed in forma pauperis (Doc. 9).

The proposed amended complaint at Doc. 8–1 names the President of the United States and the United States of America as defendants and suggests that the Court has a duty to "collect information on crimes against humanity."  (Doc. 8–1, at 3.)  For relief, Plaintiff seeks a new car, car trailer, and house—all tax free.  *Id.* at 6.  He also seeks a job with the BIA or DOJ, where his duties will include "experiencing prisons everywhere and report[ing] their internal issues, with power to fix them." *Id.*

Plaintiff also alleges that the Prison Litigation Reform Act ("PLRA") is unconstitutional because it restricts court access.  *Id.* at 4.  He asks the President to "have [his] people look into these issues." *Id.* at 4–5.  Courts have rejected similar argument.  *See Baker v. Suthers*, 9 F. App'x

947, 950–51 (10th Cir. 2001) (unpublished) (finding that "the Prison Litigation Reform Act's requirement for paying a minimal initial partial filing fee, followed by small installments until the entire filing fee is paid, does not constitute an unconstitutional denial of access to the court or otherwise violate Mr. Baker's constitutional rights") (citation omitted); *Bennett v. McBride*, 67 F. App'x 850, 854 (6th Cir. 2003) (rejecting argument that PLRA's provision that permits a district court to dismiss a complaint for failure to state a claim is unconstitutional because it denies court access); *Bradfield v. Correctional Medical Servs.*, 2009 WL 514251, at *4 (W.D. Mich. 2009) (rejecting argument that PLRA's exhaustion requirements restrict court access).

Plaintiff does not explain how his court access has been restricted. Any such claim is not plausible, considering that he has filed fourteen cases in this Court since July 14, 2025.[1] Nothing in Plaintiff's proposed amended complaint states a valid claim for relief. His motion to amend, filed in this closed case, is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk is directed to reopen this case for purposes of entering this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 9) is **granted.** Notwithstanding this grant of leave, Plaintiff is required to pay the full amount of the filing fee and is hereby assessed $350.00. Plaintiff is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of Plaintiff shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The Clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office.

---

[1] *See* Case Nos. 25-3134; 25-3178; 25-3179; 25-3180; 25-3181; 25-3182; 25-3191; 25-3192; 25-3193; 25-3194; 25-3195; 25-3211; 25-3212; and 25-3213.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint (Doc. 8) is denied.

**IT IS FURTHER ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED**.

**Dated October 3, 2025, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**